UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARK E. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:12-cv-658 |
| | ) | (Phillips/Guyton) |
| THE UNIVERSITY OF TENNESSEE, | ) | |
| | ) | |
| Defendant. | | |

MEMORANDUM AND ORDER

## I. Introduction

This matter is before the Court on the Defendant's Motion to Dismiss [Doc. 3], the Plaintiff's Motions for Summary Judgment [Doc. 5], and the Plaintiff's Motion for a Hearing to Introduce Evidence. [Doc. 7].

The underlying action was brought by the Plaintiff, Mark Williams, seeking $69,149,690.00 in damages from the Defendant, The University of Tennessee ("UT"). [Doc. 1 at ¶1]. To that end, the Defendant seeks "Judicial Review and rendering of Judicial Notice of a Foreign Judgment against the Defendant." *Id.* The Plaintiff alleges that this suit is being brought before this Court "in earnest pursuit of *pareto optimal* remedy…. in accordance with Supplemental Rule C1, Supplemental Rules for Admiralty or Maritime Claims." In response, the Defendant filed the instant Motion to Dismiss for lack of subject-matter jurisdiction. The Defendant writes that, "To the extent that the University understands the Complaint, it appears that Plaintiff claims that the University's failure to respond to a form demand purporting to initiate a fictional administrative proceeding entitled 'Notice of International Commercial Claim within the Admiralty' somehow created a binding 'foreign judgment' against the University that he seeks to register and enforce in this Court." [Doc. 3 at 1-2].

1

For the reasons that will follow, the Defendants' Motion to Dismiss is **GRANTED,** the Plaintiff's Motions for Summary Judgment [Doc. 5] is **DENIED,** and the Plaintiff's Motion for a Hearing to Introduce Evidence [Doc. 7] is **DENIED AT MOOT.**

**II.     Jurisdiction**

The Plaintiff alleges two grounds for jurisdiction. The Plaintiff asserts that this Court may exercise diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (Diversity) and 28 U.S.C. § 1333(2) (Admiralty). First, turning to diversity, the Defendant does not properly allege the citizenship of the parties; however, the Civil Cover Sheet, attached to the Complaint as Document 1.1, lists the Defendant's residence as Knox County and, under the category "Basis of Jurisdiction," the Defendant checked the "Federal Question" box and left the "Diversity" box unchecked. In any event, even if UT were a "citizen" of Tennessee for the purposes of diversity jurisdiction, which it is not, [1] the Defendant is also a citizen of Tennessee. Diversity jurisdiction, here, then, is improper under 28 U.S.C. § 1332, which requires, in relevant part, that the parties be "citizens of different states." 28 U.S.C. § 1332(a)(1). The Court is left to consider whether the Plaintiff can establish jurisdiction under 28 U.S.C. § 1333.

The Constitution's grant of admiralty jurisdiction to federal courts permits the Court to hear matters arising under admiralty. *See* Art. III, § 2, cl. 1 (providing that the federal judicial power shall extend to "all Cases of admiralty and maritime Jurisdiction"). See 28 U.S.C. § 1333(1) [28 U.S.C.S. § 1333(1)] (granting federal district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction"). *Norfolk Southern Ry. v. James N. Kirby, Pty Ltd.,* 543 U.S. 14, 23 (U.S. 2004). "Under the traditional rule of admiralty jurisdiction, '[if] the

---

[1] Courts in this district have consistently held that UT is not a citizen, but "UT is an arm, agency or *alter ego* of the State for diversity of citizenship purposes."  University of Tennessee v. United States Fidelity & Guaranty Co., 670 F. Supp. 1379, 1387 (E.D. Tenn. 1987)

wrong occurred on navigable waters, the action is within admiralty jurisdiction.'" *Executive Jet Aviation, Inc*. v. *City of Cleveland,* 409 U.S. 249, 253 (U.S. 1972) (citing Thomas v. Lane, 23 F. Cas. 957, 960 (No. 13,902) (CC Me. 1813) (Story, J., on Circuit). *See also* The Plymouth, 3 Wall. 20, 36 (1866) ("Every species of tort, however occurring, and whether on board a vessel or not, if upon the high seas or navigable waters, is of admiralty cognizance"). *Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 672 (U.S. 1982)

Presently, admiralty law is divided into separate categories for the purposes of analyzing jurisdiction. Each category, or *principle,* employs a separate and distinct analysis depending on whether the underlying action giving rise to admiralty jurisdiction is an action in contract or tort. *See, Berwind-White Coal Mining Co. v New York,* 135 F2d 443, 446 (2d Cir. N.Y. 1943) (finding that "Admiralty jurisdiction of federal courts embraces two principal subjects, maritime contracts and maritime torts."). Unfortunately, the Court cannot analyze the Plaintiff's admiralty jurisdiction claim any further.

The Plaintiff does not allege a coherent cause of action in contract or tort. In fact, the Plaintiff cites 28 U.S.C. § 1333(2) as a basis of jurisdiction; however, 28 U.S.C. § 1333(2) confers upon the district courts original jurisdiction over "any prize brought into the United States and all proceedings for the condemnation of property taken as prize." The aforementioned provision is wholly irrelevant to the factual scenario articulated in the Complaint. While it is difficult to understand even the facts of the Plaintiff's charge, it appears to the Court that the Plaintiff's alleged sixty-three million dollar injury resulted from UT's denial of the Plaintiff's application to graduate school. Why admiralty law is implicated by the aforementioned injury is wholly mysterious and without an apparent legal basis.

3

The filings of a *pro se* litigant ought to be "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should . . . be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). However, even when applying the most lenient standard, the Court is unable to uncover a lawful basis upon which this Court could extend federal jurisdiction. In fact, it appears to the Court that no cause of action has been alleged by the Plaintiff whatsoever.

**III.  Conclusion**

The Defendant, bravely, attempts to characterize the Plaintiff's allegations into several possible claims; however, it is impossible to discern from the Complaint whether the Plaintiff is seeking to enforce a dubious administrative judgment (attached to the Complaint as Document 1.2), suing UT for breach of contract, or seeking an injunction to be admitted to the UT graduate math program. No matter the cause of action, the Plaintiff has failed to establish jurisdiction. In conclusion, since the burden of establishing the existence of federal jurisdiction rests upon the party who has invoked the Court's jurisdiction, and since the Plaintiff has failed to meet that burden, the Defendant's Motion to Dismiss for Lack of Subject-Matter Jurisdiction [Doc. 3] is **GRANTED** whereby the Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.** Accordingly, the Plaintiff's Motions for Summary Judgment [Doc. 5] is **DENIED,** and the Plaintiff's Motion for a Hearing to Introduce Evidence [Doc. 7] is **DENIED AT MOOT.**

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge